NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ASHTON E. CACHO, | No. 18-15023 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00201-MMD-VPC |
| v. | |
| JOHNS, Dr.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted September 12, 2018**

Before: LEAVY, HAWKINS, and TALLMAN, Circuit Judges.

Nevada state prisoner Ashton E. Cacho appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Cir. 2004), and we affirm.

The district court properly granted summary judgment because Cacho failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to his shoulder injury and pain, and whether any delay in treatment resulted in further harm. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; negligence or a difference of opinion concerning the appropriate course of treatment does not amount to deliberate indifference); *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002) (a delay of medical treatment evinces deliberate indifference to a serious medical need only if the delay leads to further injury).

The district court did not abuse its discretion by not allowing further discovery because Cacho did not show how additional discovery would defeat summary judgment. *See Qualls By & Through Qualls v. Blue Cross of Cal., Inc.*, 22 F.3d 839, 844 (9th Cir. 1994) (setting forth standard of review; district court properly denied motion under former Fed. R. Civ. P. 56(f) (now Rule 56(d)) where additional requested discovery would not have precluded summary judgment).

**AFFIRMED.**

18-15023